NO. 07-11-0234-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 16, 2012

_____

DAVID MORENO,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-428,665; HONORABLE BRADLEY S. UNDERWOOD, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

David Moreno was convicted of two counts of aggravated sexual assault of a child.[1]  He raises two issues in which he contends 1) the trial court erred in admitting audio recordings of telephone conversations between appellant and the complainant because they were obtained in violation of the Texas Penal Code, and 2) the jury charge contained error because it characterized the offense as aggravated sexual

---

[1]The victim, his stepdaughter at the time of the assaults, was an adult at the time she made the allegations but the abuse allegedly occurred when she was a child.

assault of "a child" which characterization constituted a comment on the weight of the evidence. We affirm the judgments.

*Audio Recordings*

In his first issue, appellant complains of the admission of audio recordings of telephone conversations between himself and the complainant which were intercepted by the police. Those recordings were allegedly obtained in violation of § 16.02(b)(1) of the Penal Code. We disagree.

Section 16.02 of the Texas Penal Code states that a person commits an offense if he "intentionally intercepts, endeavors to intercept, or procures another person to intercept or endeavor to intercept a wire, oral, or electronic communication." TEX. PENAL CODE ANN. § 16.02(b)(1) (West Supp. 2012). There are affirmative defenses to prosecution, however, and those defenses, if applicable, would tend to remove any taint from the manner in which the recordings were garnered. Two such defenses apply here. The first provides that it is a defense if "a person acting under color of law" intercepts a wire, oral, or electronic communication "if one of the parties to the communication has given prior consent to interception." *Id.* § 16.02(c)(3)(A). The other provides that it is a defense if the person was "not acting under color of law" yet intercepts the comunication where "one of the parties to the communication has given prior consent to the interception . . . ." *Id.* § 16.02(c)(4)(B).

Here, the record shows that the calls were placed via a website that not only cleansed the call of any reference to police involvement but also recorded what was said. Evidence further established that the complainant gave prior consent to the recordation of the calls at issue. Thus, it does not matter whether the police (acting

2

under color of law) recorded the conversation or the police arranged for a third-party website (not acting under color of law) to record it. The victim (a party to the call) agreed to the interception beforehand.

*Jury Charge*

Next, appellant claims that the trial court commented on the weight of the evidence via the jury charge. The comment consisted of the judge stating several times, in that document, that appellant was charged with "aggravated sexual assault of a child." By including the phrase "of a child" in the description of the offense, the court somehow relieved the State of having to prove the victim was a child. We disagree.

Here, the charge of sexual assault was aggravated only if the complainant was younger than fourteen at the time of the offense. TEX. PENAL CODE ANN. § 22.021(a)(1)(B) & (2)(B) (West Supp. 2012). The evidence proffered at trial illustrated that 1) the complainant was born in 1983, 2) her mother divorced appellant in 1996 when she (the victim) was eleven, and 3) the complainant was no longer assaulted after the divorce. Furthermore, the court's charge included paragraphs admonishing the jury that 1) the "burden of proof throughout trial is always on the state," 2) the "state must prove every element of the offense beyond reasonable doubt to establish guilt," 3) if the State fails to so prove every element, then "you must find the defendant not guilty," 4) a "person commits aggravated sexual assault if the person intentionally or knowingly causes the sexual organ of a child to contact the mouth or sexual organ of another person . . . *and* the child is younger than fourteen (14) years of age," 5) "if you find from the evidence beyond a reasonable doubt that . . . the defendant . . . did then and there intentionally or knowingly cause the sexual organ of [the complainant], a child who was

3

then and there younger than 14 years of age and not [his] spouse . . . to contact the mouth of defendant, then you will find the defendant guilty of the offense of aggravated sexual assault of a child in Count 1 of the indictment, and so say by your verdict," 6) "[u]nless you so find beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit . . ." appellant of count one, 7) "[i]f you find from the evidence beyond reasonable doubt that . . . the defendant . . . did then and there intentionally or knowingly cause the sexual organ of [the complainant], a child who was then and there younger than 14 years of age and not [his] spouse . . . to contact the sexual organ of the defendant, then you will find the defendant guilty of the offense of aggravated sexual assault of a child in Count 2 of the indictment, and so say by your verdict," and 8) "[u]nless you so find beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant of aggravated sexual assault of a child" under Count 2. We are at a loss to see how those statements relieved the State of proving or the jury of finding that the State proved (beyond reasonable doubt) that the victim was younger than fourteen. That verbiage clearly mandated the jury to convict only if the State proved beyond reasonable doubt *all* elements of the crime, including that the complaintant was under fourteen. *See Saldana v. State,* 287 S.W.3d 43, 52 (Tex. App.–Corpus Christi 2008, pet. ref'd) (holding the State was not relieved of the burden of proving the complainant's age when the application paragraph allowed the jury to find appellant guilty of aggravated sexual assault of a child if it found he intentionally or knowingly caused the penetration of the female sexual organ of B.B., a child who was then and there younger than fourteen years of age); *Glockzin v. State,* 220 S.W.3d 140, 153 (Tex. App.–Waco 2008, pet. ref'd) (finding no assumption of a disputed fact when

4

the application paragraph allowed the jury to find the defendant guilty of aggravated sexual assault if he intentionally and knowingly caused the penetration of the sexual organ of J.M., "a child who was then and there younger than fourteen" when the evidence was undisputed that J.M. was a child under fourteen).

Accordingly, appellant's issues are overruled, and the judgments are affirmed.

Per Curiam

Do not publish.